■ In the Matter of PEDRO ALVARADO et al., Petitioners, v STATE OF NEW YORK, DEPARTMENT OF STATE, DIVISION OF STATE ATHLETIC COMMISSION, Respondent.

After a preliminary hearing, the New York State Athletic Commission revoked for life petitioner Pedro Alvarado's license as a boxing second and petitioner Carlos Lewis' licenses as a boxing manager and second, and suspended indefinitely and for at least one year the boxing license of petitioner Luis Resto. Petitioners contend, inter alia, that the notice of hearing was defective and that the subsequent hearing was conducted in an unlawful manner.

On June 16, 1983, a professional boxing match was held at Madison Square Garden between defending ESPN welterweight champion petitioner Luis Resto and Billy Ray Collins, Jr. In Resto's corner were, among others, petitioner Alvarado, a second licensed by the Commission for the past 12 years, and petitioner Lewis, a noted trainer and second in the boxing profession. Upon announcement of a unanimous decision for Resto, his opponent's father and manager-trainer, Billy Collins, Sr., seized Resto's right glove, complaining loudly that the padding had been removed from Resto's gloves. Commission Inspector Squeri and Chairman Prenderville, who were present at the fight, seized Resto's gloves and on the next day had the gloves delivered to the manufacturers, Everlast Sporting Goods Manufacturing Company, for inspection. At a later date the Commission sent the gloves to the New York State Police Crime Laboratory in Newburgh, New York for testing.

On June 17, 1983, petitioners received a mailgram which directed them to appear and testify at a hearing to be held at the Commission's office on June 29, 1983, concerning the petitioners' conduct at the fight and "charges that the gloves Mr. Resto was wearing were tampered with." A caveat to the directive warned petitioners that failure to appear could result in suspension or revocation of their licenses. In response to petitioners'

counsel's request for specific charges and compliance with the Commission's own regulatory rules on notices, the Commission countered that it had no duty to specify any charges. At the hearing held June 29, 1983, some of the things which occurred over petitioners' objections were: the introduction into evidence of reports prepared by parties not called as witnesses and, thus, unavailable for cross-examination; references made to the depositions of inspectors on duty the night of the fight without showing same to petitioners; the denial of petitioners' requests to present witnesses on their behalf.

We are in agreement that the notice was defective as a matter of due process and that petitioners were improperly precluded from presenting evidence on their behalf. An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections. (*Mullane v Central Hanover Trust Co.,* 339 US 306, 314.) This notice requirement is equally applicable to an administrative proceeding, for even in that forum no person may lose a substantial right because of a wrongdoing shown by the evidence but not so charged. (*Matter of Murray v Murphy,* 24 NY2d 150, 157.) In order to satisfy due process notice requirements the Legislature has enacted the State Administrative Procedure Act, the provisions of which are binding on the Commission herein. Especially pertinent is State Administrative Procedure Act § 301 (2), which expressly provides that notice of a hearing shall include: "(a) a statement of the time, place, and nature of the hearing; (b) a statement of the legal authority and jurisdiction under which the hearing is to be held; (c) a reference to the particular sections of the statutes and rules involved, where possible; (d) a short and plain statement of matters asserted."

Also relevant are the Commission's own rules and regulations, one of which, rule 205.3 (a) (19 NYCRR), compels as a prerequisite to revocation of a license a statement in the notice of hearing of the licensee's alleged misconduct. The notice here has failed to meet these requirements. Significantly, the nature of the hearing was not set forth, petitioners received no specific charges to which they could file an answer or prepare for hearing, and no statement of legal authorities and jurisdiction was provided. These defects are fundamentally fatal and require that the Commission's determinations be declared null and void.

It should further be noted that the conduct of the hearing also violated State Administrative Procedure Act requirements

aimed at fulfilling due process constitutional protections. For example, petitioners were denied an opportunity to present evidence and witnesses, in violation of State Administrative Procedure Act § 301 (4), and to cross-examine certain witnesses whose reports were introduced into evidence without their testifying in violation of section 306 (3). Upon remand, therefore, the Commission is directed to serve petitioners with formal charges that comply with due process and the relevant administrative rules and to conduct a due process hearing in full compliance with the State Administrative Procedure Act. Concur — Ross, J. P., Carro, Asch and Bloom, JJ.