OPINION OF THE COURT
Harold Baer, Jr., J.
This motion is for an order pursuant to CPLR article 78 declaring certain fines imposed against petitioner Amy Realty *933 Co. by the respondent Commissioner of the New York City Department of Consumer Affairs to be invalid and of no legal effect and further declaring the suspension of the petitioner’s license to be null and void due to respondent’s alleged failure to meet the notice requirements of procedural due process prior to the hearing which resulted in these penalties.
On March 1, 1985, the Commissioner issued an order finding petitioner guilty of accepting vehicles in excess of the capacity authorized for their parking garage and guilty of parking vehicles off the licensed premises. Petitioner was fined a total of $1,900. This order resulted from a determination made after an administrative hearing on February 6, 1985, before a hearing officer. No appearance by petitioner transformed the hearing into an inquest.
Following this judgment, petitioner requested a rehearing on the grounds that the notice of hearing had been sent to the licensed premises in The Bronx (the Premises) and not to petitioner’s business address in Brooklyn. The Department denied the request on the ground that notice was sent to the address listed by petitioner in its license file, as well as posted on the licensed premises. The notice of hearing was mailed to the Premises through regular and certified mail. The certified letter was returned unclaimed while the letter sent through the regular mails was not. Petitioner’s license was subsequently suspended for failure to pay the fine and then revoked.
The license on file with the Department lists two addresses. The first is The Bronx address of the Premises; the second is the petitioner’s previous business address, 26 Court Street, Brooklyn. Letters mailed to this address are forwarded to petitioner’s present office address at 166 Montague Street, Brooklyn. When issued on January 13, 1983, the license was sent to the original office address.
The respondent has stayed the suspension and revocation notices pending resolution of this proceeding.
Petitioner argues that the failure to be served notice at the principal place of business in Brooklyn is a violation of the CPLR and a denial of due process under the New York State and Federal Constitutions. The denial of the rehearing request, petitioner argues, was arbitrary, capricious and contrary to law.
Absent specific statutory notice provisions, the controlling standard is procedural due process, and, in the context of an *934 administrative proceeding the party whose property interest may be affected is entitled to a procedure tailored to insure a meaningful opportunity to present their case. (Matter of 1133 Ave. of Ams. Corp. v Public Serv. Commn., 62 AD2d 787 [3d Dept 1978].) In an earlier case the United States Supreme Court concluded that a fundamental requirement of due process in a proceeding which is to be accorded finality, is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. (Mullane v Central Hanover Trust Co., 339 US 306 [1950].) This requirement was held to be applicable to an administrative hearing as recently as last year. (Matter of Alvarado v State of New York, Dept. of State, Div. of State Athletic Commn., 110 AD2d 583 [1st Dept 1985].)
In the instant action, petitioner alleges it had no actual knowledge about the hearing. No individual at the licensed premises received personal service and notice of the hearing was mailed to the licensed premises only, where no partners of Amy Realty are to be found. The letter sent by regular mail and not returned could easily have never been seen by the addressee. Moreover, the parking attendant on duty might not even open a letter addressed to "Amy Realty”. Such a letter could easily have been misplaced by a parking attendant and never seen by the licensee. While these methods of substituted service might have been adequate if only the address of the Premises was listed on the license, that was not the case here. Here the Department had available the address to which the license was originally mailed, and should have utilized that address to provide notice to petitioner. Under these circumstances, respondent’s procedure was not reasonably calculated to apprise the petitioner of the pendency of the action and does not meet procedural due process standards. The petitioner’s business address was clearly listed on the license directly below the address of the Premises and the reasonable course would have been to send certified letters with return receipts requested to both addresses.
Respondent’s argument that petitioner never notified the Department of its change of address has a hollow ring when juxtaposed with the fact that it never even mailed the notice to petitioner’s old address. In addition, the return of the unclaimed certified letter might have alerted the respondent to the possibility that the petitioner was not reachable at the *935 garage. A simple check of the files would have revealed the alternate business address.
A hearing on the underlying violation should be held as requested by petitioner, and pending its outcome, the suspension and revocation of the license should continue to be stayed. Petitioner should officially notify respondent of the address change within 10 days from the date hereof.