OPINION OF THE COURT
Norman C. Ryp, J.
A. ISSUE
Can the highest be the "lowest responsible” public contract bidder, under Education Law § 6218 (b)? Which, under what *226 due process, do(es) a CUNY public contract award committee(s) finally determine and secure the successful awardee? Issues of first judicial impression but not final expression.
This is a CPLR article 78 special proceeding in which petitioner, Professional Security Bureau, Ltd. (Professional), seeks to vacate the respondent’s, City University of New York (CUNY), decision to award the multimillion dollar security guard contract for CUNY to Command Security Corporation (Command) and enforce CUNY’s prior decision to award the security contract to Professional. Command Security Corporation’s motion to intervene is granted and Command’s answer is deemed served herein. For the hereinbelow-stated reasons, the petition is granted only to the extent of remanding to the respondent for further consideration in accordance with this court’s decision.
B. FACTS
In the spring of 1990, City College of CUNY (City College) solicited bids for furnishing uniformed guard services, including armed services when necessary, for its buildings and campus areas at 138th Street and Convent Avenue, New York City. All bids were due before May 7,1990.
Of the eight "total bids” received the lowest was from Task Force Security, Inc. ($1,812,886.84); the second lowest was from Command ($1,992,270); and the third lowest was from Professional ($2,006,072.50).
After the bids were opened, the President of City College appointed an Ad Hoc Guard Service Committee (A/H Committee) to determine "the lowest responsible bidder”, pursuant to Education Law § 6218 (b).
The A/H Committee after reviewing the bids determined that Task Force Security, Inc., though the lowest, was not a "responsible” bidder. The A/H Committee also found Command not to be a "responsible” bidder because of its "cavalier attitude” toward the contract by providing information, untimely.
The A/H Committee further determined petitioner to be a responsible bidder and, on June 4, 1990, informed petitioner that it would receive the contract, subject to approval by the New York State Department of Audit and Control. Such was countersigned and returned on June 8, 1990, by Professional’s Vice-President, Jack Thomas.
Petitioner then began preparing to perform the contract.
*227 During the week of July 30, 1990, the second lowest bidder, Command, had filed a protest to the A/H Committee’s determination that Command was not a "responsible” bidder.
On August 8, 1990, a CUNY Committee of Responsibility (C. of R.) convened to determine Command’s responsibility, heard evidence on Command’s "responsibility” beginning on August 8, 1990, and continuing on August 9 and August 14, 1990. After examining the evidence, the Committee rendered its report and decision on August 29, 1990, finding Command a "responsible” bidder and awarding the security guard contract to Command as the lowest responsible bidder.
Petitioner was informed of this C. of R. decision, dated August 29,1990.
On September 26, 1990, petitioner commenced this CPLR article 78 special proceeding. On October 2, 1990, Command moved for leave to intervene, granted at the initial hearing of this motion before this court on October 16, 1990.
D. ANALYSIS AND FINDINGS
[The court’s discussion of whether a binding contract was created has been omitted for purposes of publication.]
2. DENIAL OF DUE PROCESS
In order to insure that due process is maintained each party must be given adequate notice, even at the administrative hearing level. (Matter of Murray v Murphy, 24 NY2d 150, 157 [1969]; Matter of Hecht v Monaghan, 307 NY 461 [1954]; Matter of Alvarado v State of N. Y., Dept, of State, Div. of State Athletic Commn., 110 AD2d 583 [1st Dept 1985]; see also, Arc Plumbing & Heating Corp. v Board of Responsibility of Dept. of Gen. Servs., 135 Misc 2d 413, 415 [Sup Ct, NY County 1987].)
In this instance, pursuant to Education Law § 6218 (b) the contract must be awarded to the "lowest responsible bidder”, which is determined by a Committee of Responsibility. (Emphasis added.)
The first A/H Committee for lowest responsibility determined, after extensive interviews of the three lowest bidders, that petitioner was the lowest responsible bidder meeting all the bid requirements, and that Command was not a "responsible” bidder due to its failure to meet several contract criteria including the failure to submit six references from jobs of *228 similar scope to City College; failure to have provided satisfactory security service to at least one educational institution within the past three years and the failure to submit a procedural training manual to the College Director of Security in a timely manner, and on June 4, 1990, CUNY by its Contracts Manager, John C. Johnson, informed petitioner of this decision. Therefore, due to the fact that the C. of R. had determined petitioner to be lowest responsible bidder, petitioner had more than a passing interest in the outcome of the C. of R. which convened for the sole purpose of determining whether or not Command was a responsible bidder and due process requires that petitioner have been given notice of the C. of R.’s convention, which was not done. Moreover, the C. of R. did not confine itself to evidence of Command’s "responsibility” but also heard evidence as to the "responsibility” of petitioner as well (petitioner’s lack of a necessary gun permit; Command’s replacement of petitioner at a previous jobsite; attacks on the propriety of petitioner’s site training manual) without petitioner being present to respond to these allegations which was patently unfair. Therefore, because petitioner had a direct and significant interest in the proceedings and decision of the C. of R. which did not merely confine its evidence to the "responsibility” of Command as a bidder on the security guard services contract. Thus petitioner’s due process rights have been violated and because of such due process violation the C. of R.’s determination that Command was the "lowest responsible bidder” and subsequent award of the security guard services contract to Command after finding that the A/H Committee did not determine the "lowest responsible bidder” but rather curiously the "lowest most responsible bidder” was arbitrary and capricious. Accordingly, the award of the security guard services contract to Command is vacated and the matter is remanded to respondent, CUNY, for further consideration in accordance with this court’s decision.
E. CONCLUSION
For the foregoing reasons, petitioner’s petition and application to vacate the decision of the CUNY Committee of Responsibility and award the security guard services contract to *229 petitioner is granted only to the extent of vacating the award of the security guard services contract to respondent, Command, and remanding this matter to respondent, CUNY, for reconsideration in accordance with the decision of this court.