Judgment, Supreme Court, New York County (Lucy Billings, J.), entered October 18, 2012, denying the petition to annul respondent’s determination, dated July 13, 2011, which denied, after a hearing, petitioner’s remaining family member grievance, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously vacated, the petition treated as one transferred to this Court for de novo review, and, upon such review, respondent’s determination, unanimously confirmed, the petition denied, and the proceeding dismissed, without costs.
The petition, having raised an issue of substantial evidence, should have been transferred to this Court pursuant to CPLR 7804 (g). Accordingly, we will “treat the substantial evidence issues de novo and decide all issues as if the proceeding had been properly transferred” (Matter of Jimenez v Popolizio, 180 AD2d 590, 591 [1st Dept 1992]).
The record demonstrates that the challenged determination is supported by substantial evidence. After giving consideration to the time, nature, and extent of petitioner’s conduct and to factors that might indicate a reasonable probability of favorable future conduct, including evidence of rehabilitation and participation in social services, the Housing Authority rationally determined that the evidence was insufficient to warrant overlooking petitioner’s class A felony drug conviction, which rendered her otherwise ineligible for public housing (and remaining family member status) until six years after her sentence is completed (see e.g. Matter of Faison v New York City Hous. Auth., 283 AD2d 353 [1st Dept 2001]).
We have considered petitioner’s remaining contentions and find them unavailing. Concur — Acosta, J.E, Andrias, Saxe, Freedman and Feinman, JJ.