■ In the Matter of JOSEPH PAUL WINERY, INC., Respondent, v STATE OF NEW YORK et al., Appellants. [24 NYS3d 64]—

Order and judgment (one paper), Supreme Court, New York County (Doris Ling-Cohan, J.), entered on or about November 26, 2014, which, to the extent appealed from as limited by the briefs, granted a petition brought pursuant to CPLR article 78 seeking to annul a determination of respondent New York State Liquor Authority (SLA), dated December 19, 2013, which had sustained charges 1 through 6 and imposed the penalty of revocation of license and bond forfeiture, unanimously vacated, on the law, without costs, the proceeding treated as if it had been transferred to this Court for de novo review pursuant to CPLR 7804 (g), and, upon such review, the petition is granted to the extent of annulling SLA's determination, dismissing charges 2, 5, and 6, sustaining charges 1, 3, and 4, and remanding the matter to SLA for redetermination of the penalty imposed in a manner consistent with this decision.

Supreme Court should have transferred the proceeding to this Court, since the petition raised a substantial evidence issue, and since petitioner's due process objections did not terminate the entire proceeding (*see* CPLR 7804 [g]). Accordingly, we will decide all issues as if the proceeding had been properly transferred (*see id.*; *Matter of Roberts v Rhea*, 114 AD3d 504, 504 [1st Dept 2014]).

By statute, petitioner, as a licensed "farm winery," is entitled to conduct wine tastings and any other business, subject to any rules and regulations promulgated by SLA (*see* Alcoholic Beverage Control Law § 76-a [3], [4] [d], [e]). SLA has failed to

promulgate any rules and regulations defining "wine tasting" or otherwise restricting this broad statutory authorization. Accordingly, charges 5 and 6, which assert, among other things, that petitioner exceeded the scope of its license by operating as a "night club" and holding "dance part[ies]," must be dismissed as legally insufficient.

Charge 2 asserts that petitioner violated Alcoholic Beverage Control Law § 110 (4) by failing to notify SLA of a change in facts concerning "other businesses and other activities conducted on the Licensed Premises." This charge does not identify the "other businesses and other activities" that petitioner should have reported, and is so vague as to be unenforceable.

Substantial evidence adduced before the Administrative Law judge (ALJ) supports the ALJ's opinion that petitioner violated Alcoholic Beverage Control Law § 110 (4) by failing to notify SLA of a change in its operating hours, as asserted in charge 1 (see generally Matter of Purdy v Kreisberg, 47 NY2d 354, 358 [1979]). Substantial evidence also supports the ALJ's opinion that petitioner permitted noise, disturbance, misconduct, or disorder on and about its premises, which resulted in the premises becoming a focal point for police attention, in violation of 9 NYCRR 53.1 (q), as asserted in charge 3, and which adversely affected the health, welfare, or safety of neighborhood residents, in violation of Alcoholic Beverage Control Law § 118 (1) and (3), as asserted in charge 4 (see id.).

After the administrative hearing before the ALJ, SLA violated petitioner's rights to due process by receiving, at an SLA board meeting, unsworn testimony about petitioner's conduct, without affording petitioner an opportunity to cross-examine those witnesses, and by relying on that testimony in making its determination (see State Administrative Procedure Act § 306 [3]; Matter of Alvarado v State of N.Y., Dept. of State, Div. of State Athletic Commn., 110 AD2d 583, 584-585 [1st Dept 1985]). Accordingly, we vacate SLA's determination, including the penalty it imposed, and remand the matter to SLA for redetermination of the penalty in light of our decision. Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.