Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority dated November 10, 2014, which, after a hearing, sustained charges that the petitioner/appellant violated Alcoholic Beverage Control Law § 105 (23) and Rules of State Liquor Authority (9 NYCRR) § 53.1 (n), and imposed a civil penalty of $5,000, which proceeding was transferred to this Court by order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered July 30, 2015, and appeal by the petitioner/appellant from the same order.
 

 Ordered that the appeal is dismissed (see CPLR 5701 [b]; 7804 [g]); and it is further,
 

 Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
 

 Ordered that the respondent/respondent is awarded one bill of costs.
 

 In December 2013, the New York State Liquor Authority (hereinafter the SLA) commenced a proceeding to cancel or revoke the license of the petitioner/appellant, Henry Street Liquors, Inc. (hereinafter the petitioner), based on charges that it failed to permit an inspection, in violation of Alcoholic Beverage Control Law § 105 (23), and that it engaged in improper conduct in violation of Rules of State Liquor Authority (9 NYCRR) § 53.1 (n). Thereafter, a hearing was held before an Administrative Law Judge (hereinafter the first ALJ) in June 2014. SLA investigators testified that during their inspection of the books and records at the petitioner’s premises on October 23, 2013, they questioned the petitioner’s president, Peter Capizzi, with regard to a document labeled “Henry Street Investors” (hereinafter the Henry Street Investors document), that Capizzi became agitated because he deemed the document personal in nature, and that he directed the investigators to terminate their inspection. In his own testimony, Capizzi denied that he ended the inspection, but he acknowledged that he directed the investigators to cease their review of any records he believed to be personal, including the Henry Street Investors document. It was also undisputed that Capizzi’s statements to the investigators became heated, with him complaining, in effect, that they were being overzealous in their review of various records.
 

 Following the hearing, the first ALJ issued a proposed recommendation finding that the charges had not been sustained by the evidence. In making the recommendation, the first ALJ largely credited Capizzi’s testimony, accepting his assertion that the Henry Street Investors document was personal in nature, and thus, beyond the authority of the SLA investigators to review. The hearing record and the first ALJ’s report then came before the SLA’s Board of Commissioners (hereinafter the board) for “due consideration and appraisal” (9 NYCRR 54.4 [g]) and a final determination. During their discussion of the case, the commissioners indicated that they were puzzled as to why the first ALJ had found that the Henry Street Investors document was a personal record, and thus, was insulated from inspection by the investigators, since “it is our business to know who the investors in [a licensee’s] operation are.” The board’s chairman also questioned whether the recommendation was influenced by sympathy on the part of the first ALJ toward Capizzi. However, rather than issue a determination based upon its own independent review of the evidence at that juncture as contemplated by 9 NYCRR 54.4 (g), the board decided “to have another ALJ look at this” and forwarded the complete record of the proceedings, including an audio recording of the administrative hearing, to a second ALJ “for alternative findings.”
 

 Following his review of the record, the second ALJ issued an “advisory decision” in September 2014 in favor of sustaining the charges. The decision essentially determined that, by Capizzi’s admitted act of preventing the investigators from reviewing records that he unilaterally designated as personal, the petitioner had committed the charged violations, since the SLA investigators had the legal right to review all books and records on the premises regardless of how Capizzi characterized them. The matter again came before the SLA board for a final determination, at which time the petitioner contended that the board had acted improperly in sending the record of the administrative hearing to a second ALJ for a new decision, and that the hearing evidence still supported the first ALJ’s recommendation. The members of the board insisted that they had the authority to send the matter to a second ALJ for additional findings. They further reasoned that the investigators had the right to review the Henry Street Investors document, and that the board’s own independent review of the audio recording and transcript of the administrative hearing had persuaded it that Capizzi had interfered with and curtailed that inspection as specified in the charges. The board additionally observed that Capizzi’s heated remarks to the SLA investigators undermined his assertion of complete cooperation with them, an impression that was reinforced by the audiotape of the hearing that they reviewed, which revealed that Capizzi was hostile and irate during the hearing. Accordingly, the board issued a determination dated November 10, 2014, sustaining the charges and imposing a civil penalty of $5,000. The petitioner thereafter commenced this CPLR article 78 review proceeding, contending, inter alia, that the determination was not supported by substantial evidence. The Supreme Court transferred the proceeding to this Court, and we now confirm the determination, deny the petition, and dismiss the proceeding on the merits.
 

 At the outset, we agree with the petitioner that the SLA board, having expressed serious doubt as to the validity of the recommendation made by the first ALJ, acted improperly by sending the matter to a second ALJ for alternative findings, rather than rendering a final determination itself regarding the matter, as contemplated by the applicable regulation (see 9 NYCRR 54.4 [g]). Neither the Alcoholic Beverage Control Law nor the regulations promulgated thereunder authorize such a transfer procedure under the circumstances herein. In this regard, while 9 NYCRR 54.4 (i) permits the SLA board to substitute itself for an ALJ in an unfinished administrative hearing in the event of the assigned ALJ’s death, resignation, removal, termination of employment, disability, or inability or failure to timely make a written report and findings, none of those circumstances existed in this case. Rather, the hearing process before the first ALJ had been completed, and the matter was before the board for a final determination. Similarly, although State Administrative Procedure Act § 303 allows the substitution of one hearing officer for another upon proper proof of bias or other grounds for disqualification, no such evidence was presented in this case. Accordingly, the SLA board was required to render a final determination following its receipt of the hearing record and the first ALJ’s report, and it erred in placing the case before a second ALJ without any basis therefor, rather than deciding the matter itself. This unauthorized practice must be avoided in the future.
 

 However, under the facts of this case and notwithstanding the foregoing procedural impropriety, we find unpersuasive the petitioner’s contention that it was denied due process. The record demonstrates that the petitioner received adequate and timely notice of the charges, a full opportunity to cross-examine the SLA’s witnesses and present its own evidence at the administrative hearing, notice of the transfer of the matter to the second ALJ, and an opportunity to contest the advisory decision of the second ALJ before the board (see State Administrative Procedure Act § 301; 9 NYCRR 54.4). Significantly, no new or additional evidence was considered by either the second ALJ or by the SLA board in rendering its final determination (cf. Matter of Joseph Paul Winery, Inc. v State of New York, 135 AD3d 639, 640 [2016]; Matter of Alvarado v State of N.Y., Dept. of State, Div. of State Athletic Commn., 110 AD2d 583, 584-585 [1985]). Moreover, the record clearly demonstrates that the board did not merely rubber stamp the findings of the second ALJ, but instead based its determination upon its own thorough and comprehensive review of the evidence presented, including the conduct which Capizzi admitted in his hearing testimony. Furthermore, despite the inartful wording employed in the board’s transfer of the matter to the second ALJ and in an email prepared by its secretary following the issuance of the second ALJ’s advisory decision, there is no evidence in the record to support the petitioner’s claims of improper ex parte communications or bias against it.
 

 Turning to the merits, the petitioner’s contention that the board should have rendered a final determination in accordance with the recommendation of the first ALJ is unavailing. “Although the findings of an Administrative Law Judge, particularly those concerning the resolution of issues of credibility, are entitled to considerable weight, they are nevertheless not conclusive and may be overruled by the official or body with the power to mete out the discipline, if that action is supported by substantial evidence” (Matter of Fabulous Steak House v New York State Liq. Auth., 186 AD2d 566, 567 [1992]; see Matter of Danzo Estate v New York State Liq. Auth., 27 NY2d 469, 473-474 [1971]; Matter of 1442 Third Ave. Rest. Corp. v New York State Liq. Auth., 225 AD2d 412 [1996]). Here, since the petitioner could not limit the SLA’s inspection of its books and records merely by unilaterally designating some of that material to be “personal” in nature (see Alcoholic Beverage Control Law § 105 [23]; Matter of Barski v State Liq. Auth., 285 App Div 996 [1955]), and since there is substantial evidence in the record to support the board’s determination sustaining the charges (see generally Matter of Willis v New York State Liq. Auth., 118 AD3d 1013 [2014]), we confirm the determination, deny the petition, and dismiss the proceeding on the merits.
 

 Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.