■ In the Matter of DONALD KOLARICK, Petitioner, v RUBEN FRANCO, as Chair of the New York City Housing Authority, Respondent. [658 NYS2d 295] —Determination of respondent New York City Housing Authority dated December 20, 1995, that petitioner is not entitled to occupancy of the subject public housing apartment as a remaining family member, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, Bronx County [George Friedman, J.], entered July 8, 1996) dismissed, without costs.

Respondent's finding that petitioner is not a remaining family member is justified by the absence of any proof that petitioner, who was the original tenant's son, lived with his mother continuously since the time she first became a tenant or had obtained the written approval of the project manager before moving in with his mother after she became a tenant, as required by respondent's Management Manual (ch VII [E] [1] [a]). Nor is respondent estopped from denying petitioner tenancy status by having accepted rent from him after his mother died (*see, Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 93-94; *New York City Hous. Auth. v Sykes*, 117 Misc 2d 293, 295-296). Therefore, petitioner could not have

been prejudiced by the Hearing Officer's refusal to accept additional evidence on the manner in which petitioner paid the rent, since such would not have altered the fact that petitioner never obtained the project manager's written approval in taking up occupancy of the apartment, and the resultant conclusion that he is not a remaining family member. Concur—Wallach, J. P., Nardelli, Rubin, Tom and Andrias, JJ.