■ In the Matter of ROBERT STOKELY, Petitioner, v RUBEN FRANCO, as Chair of the New York City Housing Authority, Respondent. [672 NYS2d 730] —Determination of respondent New York City Housing Authority, dated on or about March 14, 1997, that petitioner is not entitled to occupancy of the subject public housing apartment as a remaining family member, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Richard Braun, J.], entered November 18, 1997), dismissed, without costs.

Petitioner essentially conceded that he did not meet respondent Housing Authority's criteria for remaining family member status and, accordingly, there was substantial evidence to support respondent's determination refusing to accord him such status (*see, Matter of Kolarick v Franco*, 240 AD2d 204). Nor is there any merit to petitioner's contention that his right to succeed to the subject tenancy is governed by section 8 of the United States Housing Act of 1937 (42 USC § 1437f), instead of the criteria promulgated by the Housing Authority (*ibid.*). Also without merit is petitioner's claim that respondent Housing

Authority should be estopped from insisting upon strict compliance with its tenancy succession regulations by reason of the alleged refusal of a Housing Authority employee on one occasion to furnish petitioner with a form to apply for permission to succeed to the tenancy he now claims as of right (*see, ibid.; see also, Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 93-94).

We have considered petitioner's remaining contentions and find them to be without merit. Concur—Lerner, P. J., Sullivan, Nardelli, Rubin and Saxe, JJ.