■ In the Matter of VICTORIA POWELL, Petitioner, v RUBEN FRANCO, as Chair of the New York City Housing Authority, et al., Respondents. [714 NYS2d 77] —Determination of respondent New York City Housing Authority, dated May 29, 1998, that petitioner is not entitled to occupancy of the subject public housing apartment as a remaining family member, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Barry Cozier, J.], entered August 11, 1999), dismissed, without costs.

Respondent's finding that petitioner is not a "remaining family member," as that term is defined in respondent's Management Manual, is substantially supported by the administrative record. Petitioner never obtained written approval from the project management to become a permanent member of the

then authorized tenant family (*see*, NY City Hous Auth Mgt Manual ch VII [E] [1] [a]), written approval to become a permanent member of the tenant family, having under the circumstances at bar, been a necessary condition of petitioner's recognition as a remaining family member (*see*, Mgt Manual ch VII [E] [1] [d]; *Matter of Kolarick v Franco*, 240 AD2d 204). Indeed, permission was requested only for petitioner to occupy the subject apartment temporarily, and even so limited a request for permission to occupy the subject apartment was denied, on the ground, *inter alia*, of overcrowding, in a determination that is not subject to judicial review due to the Statute of Limitations.

We have considered petitioner's other arguments and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Friedman, JJ.