■ In the Matter of CHARLENE BARNHILL, Respondent, v NEW YORK CITY HOUSING AUTHORITY (Sued Herein as N. Y.C.H.A.)— RALPH J. RANGEL HOUSES, Appellant. [720 NYS2d 471] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered February 23, 2000, which granted the petition to the extent of vacating the default on termination of occupancy and remanded to the agency on the claims of petitioner's children to "remaining-family-member" (RFM) status, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

In order to vacate a default, an applicant must demonstrate not only a reasonable excuse therefor, but also a meritorious defense. Here, the record reveals no merit to the children's entitlement to tenancy.

The tenant of record, who is ill and now lives in New Jersey, was terminated on default when she failed, *inter alia*, to provide justification for the unauthorized occupancy by petitioner and her children in the public housing apartment. The IAS Court erroneously identified as meritorious the possibility that petitioner's children were RFMs. The New York City Housing Authority's operating regulations define an RFM, for purposes of occupancy and termination, as a member of the original tenant family, or one who—subsequent to the original tenant's move-in—either was born to the family or became a permanent member of that family *with the written approval of the project management* (New York City Housing Authority Management Manual, ch IV, § J [1]; ch VIII, § E [1] [a]).

Petitioner, whom the original tenant apparently identified as her "niece," was never an authorized tenant of this public housing, notwithstanding the fact that she may have paid the rent on occasion (*see, Matter of Kolarick v Franco*, 240 AD2d 204). Furthermore, neither petitioner nor her children was ever granted approval to occupy these premises; to the contrary, the original tenant stymied the Housing Authority's efforts to verify the status of these squatters, resulting in the default challenged herein. Thus, neither the children nor, for that matter, petitioner herself, ever acceded to the status of RFM when the original tenant moved out. In light of the lack of

standing to assert occupancy in these premises, a remand for a hearing on that entitlement was in error, and must be reversed. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Wallach, JJ.