■ Evelyn Rentas, Petitioner, v New York City Housing Authority, Respondent. [722 NYS2d 241] —Determination of respondent New York City Housing Authority, dated July 13, 1998, which denied petitioner's grievance of respondent's decision that petitioner does not qualify as a remaining family member entitled to succeed to the subject public housing apartment previously leased to her half-sister, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Barbara Kapnick, J.], entered April 13, 1999), dismissed, without costs.

Upon review of the record, we find that there was substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180) to support respondent's determination that petitioner was not entitled to succeed to the lease as a remaining family member. Petitioner never obtained written approval from the project management to become a permanent member of the then authorized tenant family (see, NY City Hous Auth Mgt Manual ch VII [E] [1] [a], [d]; Matter of Powell v Franco, 276 AD2d 430, 430-431; Matter of Davis v Franco, 270 AD2d 55, 56). We have considered petitioner's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Tom, Andrias, Rubin and Saxe, JJ.

■ The People of the State of New York, Respondent, v Jose Mateo, Appellant. [722 NYS2d 379] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered on or about March 18, 1999, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Nardelli, J. P., Tom, Andrias, Rubin and Saxe, JJ.