■ In the Matter of CARLOS CASTANON, Appellant, v RUBEN FRANCO, as Chair of the New York City Housing Authority, et al., Respondents. [736 NYS2d 337] —Order and judgment (one paper), Supreme Court, New York County (William McCooe, J.), entered March 15, 2000, which dismissed the petition pursuant to CPLR article 78 to annul respondent's determination dated April 17, 1996 overruling a hearing officer's decision dated September 14, 1995 and denying petitioner's remaining family member grievance, unanimously affirmed, without costs.

Inasmuch as the hearing officer's decision, finding that petitioner was entitled to succeed to the Housing Authority tenancy of his late mother, was contrary to law, respondent's determination overruling that decision was not " 'arbitrary and capricious, affected by error of law or an abuse of discretion' " and, accordingly, may not be judicially disturbed (*Matter of Kaphan v DeBuono*, 268 AD2d 909, 911). Petitioner failed to meet the requirements to succeed to a public housing lease as a remaining family member since, in light of his incarceration in Massachusetts for what would be equivalent to a class D New York felony within five years of his succession application, he was "not otherwise eligible" for a public housing tenancy (*see,* New York City Housing Authority Management Manual, ch VII, § E [1]; ch I, § H [2] [a] [2]). Contrary to petitioner's contention, respondent has the right to impose screening and eligibility requirements for remaining family member claimants (*see, Matter of Faison v New York City Hous. Auth.*, 283 AD2d 353).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Andrias, J.P., Rosenberger, Lerner, Buckley and Marlow, JJ.