■ In the Matter of PATRICIA LANCASTER et al., Petitioners, v JOHN G. MARTINEZ et al., Respondents. [749 NYS2d 71] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Housing Authority, dated March 22, 2000, which, after a hearing, denied the petitioner Patricia Lancaster's "remaining family member" grievance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

There is substantial evidence in the record to support the determination of the respondent New York City Housing Authority (hereinafter the Housing Authority) that the petitioner Patricia Lancaster (hereinafter the petitioner) is not a "remaining family member" (NY City Hous Auth Mgt Manual, ch VII, § E) and accordingly is not entitled to occupancy of the subject public housing apartment (*see Rentas v New York City Hous. Auth.,* 282 AD2d 215; *Matter of Barnhill v New York City Hous. Auth.,* 280 AD2d 339; *Matter of Powell v Franco,* 276 AD2d 430). At the grievance hearing, the petitioner did not establish that she occupied the apartment continuously or obtained the project management's written approval to become a permanent member of the tenant family, which are necessary conditions to the recognition of the petitioner as a remaining family member under the circumstances at bar (*see* NY City Hous Auth Mgt Manual, ch VII, § E [1] [a]; *see also Matter of Powell v Franco, supra*: *Matter of Davis v Franco,* 270 AD2d 55; *Matter of Kolarick v Franco,* 240 AD2d 204). Moreover, the petitioner concedes that she was not "otherwise eligible" for a public housing lease because she was on parole for a felony

conviction within five years of her succession application (*see* NY City Hous Auth Mgt Manual, ch VII, § E [1] [a]; NY City Hous Auth Mgt Manual, ch I, § VI [H] [3]). There is no merit to the petitioner's contention that the denial of her grievance based upon her criminal conviction was onerous and against public policy, as the Housing Authority has the right to impose screening and eligibility requirements for remaining family member claimants to protect "the health, safety or welfare of other tenants" (24 CFR 960.203 [c] [3]; *see Matter of Castanon v Franco,* 290 AD2d 293; *Matter of Faison v New York City Hous. Auth.,* 283 AD2d 353).

The petition is dismissed insofar as asserted on behalf of the petitioner's infant son, as no grievance proceeding was initiated on his behalf seeking to assert his status as a remaining family member (*see Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 378). Moreover, the petitioner's son lacks standing to assert entitlement to occupancy of the subject apartment (*see Matter of Barnhill v New York City Hous. Auth.,* 280 AD2d 339, *supra*). Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.