■ In the Matter of MARCO McFARLANE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. In the Matter of VIVIAN HAYES, Respondent, v TINO HERNANDEZ, as Chairman of the New York City Housing Authority, Appellant. [780 NYS2d 135]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered October 24, 2003, granting the petitions to annul respondent's determinations dated May 8, 2002 (McFarlane) and August 19, 2002 (Hayes), which dismissed petitioners' grievances seeking to be deemed remaining family members and to succeed to the tenancies of their deceased relatives' apartments, unanimously reversed, on the law, without costs, the petitions denied, and respondent's determinations dismissing petitioners' grievances reinstated.

Both petitioners are grandchildren of deceased tenants of apartments in federally funded public housing developments administered by respondent Housing Authority; both sought and were denied remaining family status from the Housing Authority after their grandparents died, each having failed to apply for and obtain the written consent of management to became a permanent member of the tenant family during the grandparent's tenancy.

Petitioners argue that since respondent's written consent requirement has been held to amount to merely a policy that accommodates federal law, rather than a formal rule or regulation (*see Matter of Abdil v Martinez*, 307 AD2d 238, 241-242 [2003]), and that a policy or procedure which has not been formally filed as a rule with the Department of State "may not be applied as a rigid, invariable standard or procedure completely conclusive of the rights and remedies of the affected party" (*see generally Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health*, 66 NY2d 948, 951 [1985]), the Hearing Officer erred by applying this written consent policy in a rigid, invariable manner without considering the particular circumstances of petitioners' cases. However, neither *Abdil* nor any other case law requires respondent Housing Authority to rule on these matters differently.

The discussion in *Abdil*, stating that the Housing Authority's written consent requirement is a policy rather than a rule, can have no effect on applicable federal regulations, which respondent was bound to observe. Among those regulations is the requirement of the United States Department of Housing and Urban Development that residence in federally funded, low income housing units is strictly limited to family members who are identified in the lease (24 CFR 966.4 [f] [3]), and the directive that "[t]he family must request [Housing Authority] approval to add any other family member as an occupant of the unit" (24 CFR 966.4 [a] [1] [v]). So, regardless of whether the Authority's *written consent* was obtained, petitioners' claims are precluded by the absence of any showing that *any* request was made during the tenancies for the approval of the Housing Authority to add petitioners as occupants. Application of 24 CFR 966.4 (a) (1) (v) precluded the Housing Authority from permitting petitioners to be treated as additions to the tenant families in the absence of any such request.

Moreover, even if we agreed with petitioners that the Hearing Officer erred by failing to take into account petitioners' circumstances before deciding the petitions, the submitted evidence did not warrant results other than those reached here. Essentially, each petitioner demonstrated his or her relation to the tenant of record, and occupancy in the apartment unit prior to the tenant's death. This was the case in *Matter of Abdil* (*supra*) as well, and was not enough in either that case or this one to entitle the resident relative to be treated as a remaining family member. The greater length of these petitioners' occupancies does not give them greater rights than the tenant's daughter had in *Abdil*, nor does the fact that they were minors when first

moving in with the respective tenant relative. And, while having an income within the statutory guidelines would, of course, be essential to a right to tenancy in public housing, it adds no weight in favor of granting remaining family member status.

One type of circumstance that *could* be of critical importance in establishing a right to be treated as a remaining family member despite the absence of notice or written consent would be a showing that the Authority was aware of the petitioner having taken up residence in the unit, and implicitly approved it. This is so because the controlling statute and regulations express an overriding policy that the public housing authority administering the program should have the untrammeled authority to monitor and approve who lives in its buildings, in order to ensure the overall purpose of providing decent and safe housing to low income families (*see* 42 USC § 1437 [a] [1] [C]). Therefore, a showing that the Authority knew of, and took no preventive action against, the occupancy by the tenant's relative, could be an acceptable alternative for compliance with the notice and consent requirements. Here, however, neither of the petitioners offered evidence showing that the agency was aware of their presence.

Furthermore, as this Court observed in *Abdil*, the Management Manual, along with the terms and conditions and lease for the apartment, formed a contract between the tenant and the Authority, under which a family member could not obtain successor rights absent the lessee's compliance with the notice requirement. Thus, petitioners' claims were barred by the terms of the contract as well as by the application of the federal regulation (*see Abdil*, 307 AD2d at 242).

We conclude that respondent's denial of petitioners' request for remaining family member status was neither arbitrary nor capricious, but was fully justified by the statutes, regulations, policies and case law that bind the agency, and we therefore reverse and dismiss the petitions. Concur—Nardelli, J.P., Tom, Andrias, Saxe and Marlow, JJ. [*See* 1 Misc 3d 744.]