■ Maria Chavez, Appellant, v Tino Hernandez, as Chair of the New York City Housing Authority, et al., Respondents. [802 NYS2d 656]—

Order and judgment (one paper), Supreme Court, New York County (Kibbie F. Payne, J.), entered September 14, 2004, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul a determination of respondent New York City Housing Authority dated December 17, 2003, denying petitioner remaining family member status and declaring her ineligible for continued occupancy of an apartment unit owned and operated by the Housing Authority, unanimously affirmed, without costs.

The challenged determination, denying petitioner's application on the ground that written permission had not been obtained for her occupancy, is neither arbitrary nor capricious (*see Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289 [2004]), and was supported by substantial evidence. The hearing officer properly determined, based on his finding of credibility, that there is no basis to relieve petitioner of the written permission requirement, since she failed to establish that the Housing Authority knew of and implicitly approved of her permanent residency in the apartment (*see McFarlane*, 9 AD3d at 291; *Matter of Hutcherson v New York City Hous. Auth.*, 19 AD3d 246 [2005]).

We have considered petitioner's other contentions and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan, Gonzalez and Malone, JJ.