■ EVA JAMISON, Appellant, v NEW YORK CITY HOUSING AUTHORITY-LINCOLN HOUSES, Respondent. [809 NYS2d 14]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered October 27, 2004, denying the petition and dismissing this proceeding, unanimously affirmed, without costs.

The challenged administrative determination, which denied petitioner's application for "remaining family member" status on the ground that written permission had not been obtained for her occupancy in the apartment, is neither arbitrary nor capricious (*see Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289 [2004]; *Matter of Abdil v Martinez*, 307 AD2d 238 [2003]). Petitioner does not qualify as a remaining family member because she did not enter the apartment lawfully. Respondent never gave the tenant of record written permission for petitioner to join his household, and petitioner admitted that no such permission was ever obtained from project management for her to reside in the subject apartment. The fact that no written permission was ever obtained was further corroborated by the tenant's annual income affidavits for the years petitioner allegedly lived in the apartment, in which he listed no occupants of the apartment other than himself, and by the testimony of the Housing Assistant that prior to the tenant's death, he had never requested that anyone join his household. Nor was there any reference to petitioner in the tenant's file while he was alive. The record affords no basis for relieving petitioner of the written notice requirement, since she failed to establish that respondent knew or implicitly approved of her permanent residency in the apartment (*see McFarlane*, 9 AD3d at 291).

We have considered petitioner's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Saxe, Nardelli, Sweeny and McGuire, JJ.