■ In the Matter of NEW YORK CITY HOUSING AUTHORITY HAMMEL HOUSES, Appellant, v ELLAMAE NEWMAN, Respondent. [834 NYS2d 541]—

In a proceeding to recover possession of certain leased premises, the petitioner New York City Housing Authority Hammel Houses appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated October 29, 2004 [5 Misc 3d 127[A], 2004 NY Slip Op 51203[U] [2004], which affirmed a judgment of the Civil Court of the City of New York, Queens County (Grayshaw, J.), entered May 4, 2004, denying the petition and dismissing the proceeding.

Ordered that the order is reversed, on the law, with costs, the judgment of the Civil Court of the City of New York is reversed, and the petition is granted.

The respondent, Ellamae Newman, failed to obtain the project management's written permission to reside in the subject apartment while the tenant of record was still alive. In addition, there is no indication that the petitioner was actually aware of the respondent's residency and implicitly approved it. The respondent, for example, was never listed as an occupant of the subject apartment on any of the record tenant's annual income affidavits. Accordingly, the Appellate Term erred in determining that, upon the death of the tenant of record, the respondent was entitled to continue residing in the subject apartment as a "remaining family member" (*cf. Jamison v New York City Hous. Auth.-Lincoln Houses,* 25 AD3d 501 [2006]; *Matter of McFarlane v New York City Hous. Auth.,* 9 AD3d 289 [2004]; *Matter of Lancaster v Martinez,* 298 AD2d 585 [2002]; *Rentas v New York City Hous. Auth.,* 282 AD2d 215 [2001]; *Matter of Shuet Ying Gee v NYS Div. of Hous. & Community Renewal,* 276 AD2d 444 [2000]). Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ., concur.