■ In the Matter of MITCHELL SCHORR, Respondent, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Appellants. [839 NYS2d 52]—

Order and judgment (one paper), Supreme Court, New York

County (Louis B. York, J.), entered September 18, 2006, annulling respondent Department of Housing Preservation and Development's (HPD) determination granting respondent East Midtown Plaza Housing Company (EMP) a certificate of eviction, unanimously affirmed, without costs.

Initially, we reject EMP's contention that the IAS court, insofar as it ruled that EMP was estopped from contesting petitioner's right of succession to the subject Mitchell-Lama apartment, improperly went beyond the record before HPD. The issue of estoppel was before HPD by virtue of petitioner's answer to EMP's application for a certificate of eviction, in which petitioner specifically alleged that he had been residing in the apartment with EMP's knowledge and consent, paid the rent with checks drawn on his personal account, and was involved in other legal proceedings with EMP, and that EMP had never before challenged his right to occupy the apartment. In addition, shortly after EMP filed for a certificate of eviction, petitioner filed an application with EMP for succession rights to the apartment, alleging that he had been paying rent to EMP since at or about the time his parents vacated the apartment. This application for succession rights, when denied by EMP, was appealed by petitioner to HPD and heard by the same Hearing Officer who was hearing EMP's application for a certificate of eviction.

The record before the Hearing Officer shows that EMP never rejected petitioner's father's request in 1999 that the stock certificate to the apartment be transferred to petitioner; accepted rent checks from petitioner beginning in August 2000; named petitioner alone on maintenance bills; corresponded directly with petitioner concerning the apartment; and engaged in several litigations with petitioner concerning the apartment, settling only with petitioner without challenging his status as the rightful occupant of the apartment. Thus, for nearly four years, EMP knew of, but took no action against, petitioner's occupancy of the apartment. Such conduct estops EMP from challenging petitioner's occupancy (*see Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289, 291 [2004] [commenting that under analogous federal regulatory scheme, occupants of federally subsidized low-income apartments can achieve "remaining family" status and succeed to their relatives' apartments, even absent compliance with regulatory notice and consent requirements, on a showing that the Housing Authority knew of, but took no protective action against, their occupancy]). EMP's and HPD's argument that coverage under a rent regulatory scheme cannot be created by waiver or estoppel is beside the point. The

issue, as framed by HPD and EMP, is not whether the apartment is subject to the regulatory scheme applicable to Mitchell-Lama developments, but whether petitioner is entitled to occupy the apartment under HPD's succession regulations requiring two years of consecutive coresidency immediately prior to the tenant of record's vacating of the apartment. Although the application court erred in holding that the two-year coresidency requirement need not be consecutive, petitioner's failure to show that he satisfied such requirement does not foreclose his succession to the apartment by reason of his having lived in it for almost four years with EMP's apparent consent. Concur—Saxe, J.P., Sullivan, Gonzalez, Catterson and Kavanagh, JJ.