■ In the Matter of MIRIAM APONTE et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [850 NYS2d 427]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered September 8, 2006, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 seeking to annul respondent's determination dated January 4, 2006 dismissing petitioners' grievance seeking to succeed to the tenancy of the deceased tenant as remaining family members, unanimously affirmed, without costs.

The denial of petitioners' grievance on the basis that written permission had not been obtained for their return to the apartment is neither arbitrary nor capricious. The evidence, including the deceased tenant's affidavits of income attesting that she was the sole occupant of the subject apartment, demonstrates that there is no basis to relieve petitioners of the written permission requirement since they failed to establish that respondent knew of and implicitly approved of their permanent residency in the apartment (see Matter of McFarlane v New York City Hous. Auth., 9 AD3d 289, 291 [2004]; and see Matter of New York City Hous. Auth. Hammel Houses v Newman, 39 AD3d 759 [2007]). There exists no basis to disturb the credibility determinations of the hearing officer, which were supported by the documentary evidence (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). Nor is there any support for petitioners' claims of bias on the part of the hearing officer. Furthermore, contrary to petitioners' argument, they were afforded ample opportunity to be represented by counsel at the administrative hearing (see Matter of Baywood Elec. Corp. v New York State Dept. of Labor, 232 AD2d 553, 554 [1996]).

We have considered petitioners' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Gonzalez, Buckley and Catterson, JJ.