█ In the Matter of TYEFIA MCLEON, Respondent, et al. Petitioner, v NYCHA HOPE GARDENS, Appellant. [852 NYS2d 323]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority, sued herein as NYCHA Hope Gardens, dated July 12, 2005, which, after a hearing, denied the petitioners' grievances seeking to establish their status as "remaining family members" with succession rights to the tenancy of a deceased relative, the appeal is from a judgment of the Supreme Court, Kings County (Bayne, J.), entered June 28, 2006, which, in effect, granted the petition insofar as asserted by Tyefia McLeon and annulled so much of the determination as denied the grievance of Tyefia McLeon.

Ordered that the judgment is reversed, on the law, without costs or disbursements, so much of the determination as denied the grievance of the petitioner Tyefia McLeon seeking to establish her status as a "remaining family member" is confirmed, the petition insofar as asserted by Tyefia McLeon is denied, and the proceeding insofar as commenced by Tyefia McLeon is dismissed on the merits.

During the administrative hearing before the New York City Housing Authority, sued herein as NYCHA Hope Gardens (hereinafter the Housing Authority), evidence was adduced demonstrating that the petitioner Tyefia McLeon (hereinafter the petitioner) failed to obtain the project management's written permission to reside in the subject apartment while the tenant of record was still alive. Moreover, there was no indication that the Housing Authority was actually aware of the petitioner's residency and implicitly approved it prior to the death of the tenant of record (*see Matter of New York City Hous. Auth. Hammel Houses v Newman*, 39 AD3d 759 [2007]; *Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289, 291 [2004]).

In reviewing a determination of an administrative agency such as the Housing Authority, a court's inquiry is limited to whether the "determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 231 [1974]; *Matter of Andrew Naclerio Assoc., Inc. v Pradhan,* 45 AD3d 585 [2007]). There was no basis for the Supreme Court to have annulled so much of the determination of the Housing Authority as denied the petitioner's grievance seeking to establish her "remaining family member" status (*see* NY City Hous Auth Mgt Manual, ch VII, § E; *cf. Matter of New York City Hous. Auth. Hammel Houses v Newman,* 39 AD3d 759 [2007]; *Jamison v New York City Hous. Auth.-Lincoln Houses,* 25 AD3d 501, 502 [2006]; *Matter of McFarlane v New York City Hous. Auth.,* 9 AD3d at 291).

In light of our determination, we need not address the Housing Authority's remaining contentions. Spolzino, J.P., Santucci, Angiolillo and Carni, JJ., concur.