■ In the Matter of VICTORIA RODRIGUEZ, Appellant, v TINO HERNANDEZ, as Chair of the New York City Housing Authority, et al., Respondents. [858 NYS2d 144]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 5, 2007, which denied the petition brought pursuant to CPLR article 78 seeking to annul respondents' determination, dated September 13, 2006, dismissing petitioner's grievance seeking to succeed to the tenancy of the deceased tenant as a remaining family member, unanimously affirmed, without costs.

Respondents' determination that petitioner was not a remaining family member and therefore, not entitled to succession rights to the subject apartment, is neither arbitrary nor capricious (*see Jamison v New York City Hous. Auth.-Lincoln Houses*, 25 AD3d 501, 502 [2006]). The record reveals that petitioner was denied permanent residency prior to the death of her mother-in-law, and evidence, including the deceased tenant's affidavits of income attesting that she was the sole occupant of the subject apartment, shows that petitioner failed to establish that respondent agency was aware of her residency and took no preventive action (*see Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289, 291 [2004]).

Petitioner's contention that respondents' determination was not supported by a rational basis because respondents relied on the occupancy standard set forth in the Housing Authority's Management Manual rather than its Applications Manual is unpreserved, as it is raised for the first time on appeal (*see Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328, 330 [2007]). Were we to review the argument, we would find that respondents' interpretation of its regulations is entitled to deference (*see Matter of Nelson v Roberts*, 304 AD2d 20, 23 [2003]). Nor is respondent agency estopped from denying petitioner

remaining family member status on the basis that when it approved her temporary residency in 2001 for a period of four months to care for her ailing mother-in-law it failed to provide the tenant of record or petitioner with a permanent permission request form (*see Matter of Hutcherson v New York City Hous. Auth.*, 19 AD3d 246 [2005]; *Matter of Stokely v Franco*, 251 AD2d 97 [1998]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Gonzalez, J.P., Catterson, McGuire and Moskowitz, JJ. [*See* 2007 NY Slip Op 30547(U).]