Judgment, Supreme Court, New York County (Leland G. DeGrasse, J.), entered August 24, 2007, denying the petition brought pursuant to CPLR article 78 seeking to annul respondent’s determination, dated October 4, 2006, which dismissed petitioner’s grievance seeking to succeed to the tenancy of the deceased tenant as a remaining family member, unanimously affirmed, without costs.
The determination that petitioner was not a remaining family member and therefore not entitled to succession rights to the subject apartment is neither arbitrary nor capricious (see Jamison v New York City Hous. Auth.-Lincoln Houses, 25 AD3d 501 [2006]). Petitioner had not resided in the apartment with her mother for one year prior to her death and had not applied for permission to rejoin the household (see Matter of Torres v New York City Hous. Auth., 40 AD3d 328 [2007]). The evidence also shows that petitioner was not listed on affidavits of income executed in 2004 and 2005, and that in 2004, her mother requested housing management to remove petitioner from the housing composition because, upon graduating from college in Florida, petitioner had decided to remain there. Furthermore, contrary to petitioner’s contention, there is no indication that respondent was actually aware of her residency and implicitly approved it prior to the death of the tenant of record (see Matter of New York City Hous. Auth. Hammel Houses v Newman, 39 AD 3d 759 [2007]). Concur — Saxe, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.