■ In the Matter of EDWIN FERMIN, Petitioner, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [889 NYS2d 137]—

Determination of the New York City Housing Authority, dated September 19, 2007, adopting the decision of the hearing officer, which dismissed petitioner's remaining-family member grievance, unanimously confirmed, petition denied and the proceeding brought pursuant to CPLR article 78, (transferred to this Court by order of the Supreme Court, New York County [Herman Cahn, J.], entered August 22, 2008), dismissed, without costs.

The determination is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Petitioner did not qualify as a remaining family member, since, although he originally entered the household lawfully, he left in 1993, and thereafter was not included in the tenants' annual income reports. This evidence is sufficient to support the Housing Authority's determination (*see Matter of Aponte v New York City Hous. Auth.*, 48 AD3d 229 [2008]; *Matter of Abdil v Martinez*, 307 AD2d 238, 242 [2003]). Moreover, petitioner's 2003 request that he be granted permission to join the household permanently, which indicated that petitioner was not living in the subject apartment, was denied, and no grievance was filed or appeal taken (*see Matter of Davis v Franco*, 270 AD2d 55, 56 [2000]). We reject petitioner's assertion that the hearing officer should have considered the totality of the circumstances, such as mitigating factors and hardship to petitioner (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]; *Matter of McFarlane v New York City Hous. Auth.*, 9 AD3d 289, 290 [2004]; *Matter of Wooten v Finkle*, 285 AD2d 407, 408-409 [2001]). More-

over, petitioner's evidence did not establish that he continuously resided in the premises, or that the agency was aware of such residence and acquiesced in it (see McFarlane, 9 AD3d at 291).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Buckley, Catterson, Acosta and Freedman, JJ.