■ In the Matter of TERENCE BODDIE, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [899 NYS2d 52]—

Order, Supreme Court, New York County (Herman Cahn, J.),

entered October 15, 2008, which denied the petition to annul respondent's determination that petitioner was not eligible to be placed on the waiting list for the Section 8 housing assistance voucher program, unanimously affirmed, without costs.

The challenged administrative determination was a form letter, dated May 19, 2008, which informed petitioner that his application was being "discarded" because the Section 8 waiting list had been closed on May 14, 2007, except for an emergency category not applicable to petitioner. That rejection was neither arbitrary nor capricious (*see Matter of McLeon v NYCHA Hope Gardens*, 48 AD3d 686, 687 [2008]). Petitioner concedes he is not within the emergency category, and moreover, he is subject to a lifetime registration requirement under New York's sex offender registration program (*see* 24 CFR 960.204 [a] [4]), which renders him ineligible for admission to public housing and the Section 8 program (24 CFR 982.553 [a] [2] [i]). Since petitioner was not qualified for admission to the Section 8 program and had no legitimate claim of entitlement to the requested benefits, there was no violation of title II of the Americans with Disabilities Act of 1990 (42 USC § 12132; *see Matter of Munsiff v Office of Ct. Admin.*, 31 AD3d 114, 117-118 [2006], *lv denied* 8 NY3d 804 [2007]). Were it not for his regulatory disqualification, he would have had the same access to the program as any other applicant, and accordingly, his due process claim was properly dismissed. Concur—Tom, J.P., Mazzarelli, Andrias, Saxe and DeGrasse, JJ. **[Prior Case History: 21 Misc 3d 1130(A), 2008 NY Slip Op 52286(U).]**