Determination of respondent, dated March 6, 2013, after a hearing, denying petitioner Edward Jenkins’s remaining family member claim, filed by petitioner Isaiah Jenkins on Edward’s behalf as his legal guardian, to succession rights to an apartment formerly leased to Edward’s grandmother, Rosa Jenkins, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alice Schlesinger, J.], entered Apr. 16, 2014), dismissed, without costs.
Substantial evidence supports respondent’s determination that Edward is not entitled to succession rights as a remaining family member because he failed to meet the requirement of continuous occupancy for at least one year preceding the death of the tenant of record (see Matter of Fermin v New York City Hous. Auth., 67 AD3d 433 [1st Dept 2009]). Isaiah obtained custody of Edward, his nephew, in April 2003. Edward had previously lived with Rosa, the tenant of record, who died in January 2004. The evidence abundantly shows that petitioners generally lived in New Jersey while Edward, then a minor, was attending school there, apparently beginning almost nine months before Rosa’s death. Moreover, Edward did not obtain the requisite written permission to rejoin the household after moving in with Isaiah in New Jersey in April 2003, less than one year before Rosa’s death (see Ortiz v Rhea, 127 AD3d 665 [1st Dept 2015]).
Petitioners’ contention that they were deprived of due process by the preclusion of a witness at the hearing is unpreserved since it was not raised at the administrative level (see Green v New York City Police Dept., 34 AD3d 262 [1st Dept 2006]). Moreover, this claim was improperly raised for the first time in a memorandum of law submitted after respondent filed its answer.
We have considered petitioners’ remaining contentions and find them unavailing.
Concur — Gonzalez, P.J., Mazzarelli, Acosta, Clark and Kapnick, JJ.