■ In the Matter of DANA GROSSBARD, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, et al., Respondent. [28 NYS3d 54]—

Judgment, Supreme Court, New York County (Cynthia S. Kern, J.), entered January 14, 2015, denying the petition to annul respondent New York State Division of Housing and Community Renewal's determination dated September 30, 2014, which denied petitioner succession rights to her late grandmother's apartment, and granting respondent's cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination that petitioner did not sustain her burden of establishing entitlement to succession rights to her late grandmother's apartment had a rational basis in the record. Petitioner failed to provide documentation that the apartment was her primary residence and that she was a cotenant with her grandmother during the period commencing two years prior to the tenant's demise. The documentation petitioner provided related either to an earlier period, when she acknowledged she did not live in the apartment, or to the period after the death of the tenant. The court properly rejected petitioner's contention that the income affidavits alone were sufficient to make the requisite showing (*see Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev.*, 48 AD3d 288 [1st Dept 2008]; *Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev.*, 39 AD3d 406, 407 [1st Dept 2007]).

Contrary to petitioner's contention, respondent's determination did not conflict with *Matter of Murphy v New York State Div. of Hous. & Community Renewal* (21 NY3d 649 [2013]). In

*Murphy*, unlike here, the applicant provided "ample evidence" in support of his succession application reflecting residence in the apartment during the qualifying period (*id.* at 655).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.