■ In the Matter of NICOLE CLARK, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [48 NYS3d 41]—

Determination of respondent, dated January 31, 2014, which,

after a hearing, denied petitioner's claim to succession rights to an apartment formerly leased to her grandmother, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alice Schlesinger, J.], entered May 22, 2015), dismissed, without costs.

The determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Petitioner did not qualify as a remaining family member, because while she initially entered the household lawfully, she departed in 1989, and was no longer included in her grandmother's income reports (*see Matter of Fermin v New York City Hous. Auth.*, 67 AD3d 433 [1st Dept 2009]). Although petitioner contends that she continuously occupied her grandmother's apartment and submits the testimony of a neighbor who stated that petitioner stayed with her grandmother when her mother left the apartment, such testimony conflicts with the documentary evidence. Not only was petitioner marked out of the household in 1989 on her grandmother's tenant data summary, she fails to adequately explain her grandmother's temporary residence request form submitted on her behalf in 2009, in which petitioner noted a different address, or why she was not identified on her grandmother's 2010 income affidavit (*see Matter of Jacobowitz v New York City Hous. Auth.*, 49 AD3d 278 [1st Dept 2008]). Despite petitioner's assertion that she brought the 2011 income affidavit and a permanent residence request form to her grandmother in the hospital, the fact that her grandmother passed away several weeks later precludes a finding that petitioner was able to satisfy the one-year residency requirement necessary to establish succession rights (*see Matter of Ortiz v Rhea*, 127 AD3d 665 [1st Dept 2015]). Furthermore, petitioner's claim that even if she was not included on the income affidavit forms, the evidence of her residency in the apartment is overwhelming, is unavailing (*compare Matter of Murphy v New York State Div. of Hous. & Community Renewal*, 21 NY3d 649, 655 [2013]). Concur—Richter, J.P., Manzanet-Daniels, Gische, Webber and Kahn, JJ.