■ In the Matter of KYRIAKI BOREKAS, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [55 NYS3d 49]—

Order and judgment (one paper), Supreme Court, New York County (Margaret A. Chan, J.), entered February 25, 2016, denying the petition to vacate respondent New York City Department of Housing Preservation and Development's (HPD) determination dated November 18, 2014, which denied petitioner succession rights to the tenant of record's apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Supreme Court properly concluded that HPD's determination was rational and not arbitrary and capricious. Where a succession claim is made after a Mitchell-Lama tenant of record dies, the applicant must make an affirmative showing of three criteria: (1) that the applicant qualifies as a family member or was otherwise interdependent with the tenant of record, (2) that the unit at issue was the applicant's primary residence during the two years immediately prior to the tenant's death, and (3) that the applicant was listed as a co-occupant on the income affidavits filed for the same two year period (*Matter of Murphy v New York State Div. of Hous. & Community Renewal*, 21 NY3d 649 [2013]). Here there is no dispute that there are no income affidavits listing petitioner as a co-occupant for the applicable period of time, which alone justifies the denial of her application. There are circumstances,

however, where the evidence of primary residence during the operative period is so overwhelming that the absence of an income affidavit may be overlooked (*Matter of Murphy* at 653; *see Matter of Grossbard v New York State Div. of Hous. & Community Renewal*, 137 AD3d 661 [1st Dept 2016]). This, however, is not one of these circumstances. While the petitioner provided affidavits of neighbors stating that she lived with the tenant of record, the documentary evidence all shows that she had a residence in Astoria. Notwithstanding that financial interdependence is an important factor considered in determinating whether parties were in a family like relationship (*see Matter of Fort Washington Holdings, LLC v Abbott*, 119 AD3d 492 [1st Dept 2014]), petitioner admitted that the parties led primarily separate financial lives. Even giving credit to petitioner's explanation that she needed to keep her finances separate from the tenant of record because of his alleged substance abuse problems, she failed to adequately explain why she used the Astoria address for her driver's license and voter registration. Moreover, she failed to provide any documentary evidence for her claim that they divided between them responsibility for paying certain shared expenses. The proof was not overwhelming that petitioner occupied the apartment as her primary residence during the applicable period. In addition there is no innocent explanation proffered for the failure to list petitioner as an occupant of the apartment on the income affidavit. Therefore, HPD had an appropriate basis to deny petitioner's application (*Matter of Murphy*, 21 NY3d at 652; *Matter of Clark v New York City Hous. Auth.*, 147 AD3d 568 [1st Dept 2017]; *Matter of Sherman v New York State Div. of Hous. & Community Renewal*, 144 AD3d 533 [1st Dept 2016]).

Petitioner is not entitled to an evidentiary hearing (*see Matter of Horne v Wambua*, 143 AD3d 605, 606 [1st Dept 2016]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Friedman, J.P., Mazzarelli, Moskowitz, Gische and Gesmer, JJ.