Determination of respondents, dated March 30, 2016, which, after a hearing, denied petitioner’s remaining family member claim for succession rights to a public housing apartment, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arthur F. Engoron, J.], entered October 20, 2016), unanimously dismissed, without costs.
 

 Supreme Court improperly ruled on objections that did not terminate this article 78 proceeding before transferring it to this Court (see CPLR 7804 [g]). Accordingly, we decide all issues herein de novo (see Matter of Roberts v Rhea, 114 AD3d 504 [1st Dept 2014]).
 

 Respondents’ denial of petitioner’s claim to remaining family member status is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]). Petitioner never obtained respondents’ written permission to join his mother’s household, and he was not listed on an affidavit of income for the year preceding her death (see e.g. Matter of Clark v New York City Hous. Auth., 147 AD3d 568, 569 [1st Dept 2017]). The hearing officer accorded the documentary evidence more weight than the testimony of petitioner’s witnesses, and there is no basis for disturbing her credibility determinations (see Matter of Rodriguez v Olatoye, 150 AD3d 476 [1st Dept 2017]). The documentary evidence supports the conclusion that petitioner did not live in his mother’s apartment at the time that he and his mother submitted the request to respondents to add him to the household, approximately one month before his mother’s death.
 

 The record affords no basis for relieving petitioner of the written consent and income affidavit requirements (see e.g. Matter of McFarlane v New York City Hous. Auth., 9 AD3d 289 [1st Dept 2004]; cf. Matter of Gutierrez v Rhea, 105 AD3d 481 [1st Dept 2013] [denial of remaining family member claim annulled and proceeding remanded where respondents failed to notify tenant of family member’s ineligibility due to a criminal conviction, depriving her of opportunity to present evidence of his rehabilitation], Iv denied 21 NY3d 861 [2013]).
 

 We have considered petitioner’s remaining arguments and find them unavailing.
 

 Concur — Richter, J.P., Webber, Kern and Moulton, JJ.