Matter of Fitzpatrick v 1199 Hous. Corp. (2019 NY Slip Op 00530)





Matter of Fitzpatrick v 1199 Hous. Corp.


2019 NY Slip Op 00530


Decided on January 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019

Sweeny, J.P., Tom, Kahn, Oing, Singh, JJ.


8195 100273/17

[*1]In re Chiffon Fitzpatrick, Petitioner-Appellant,
v
1199 Housing Corp., etc., Respondent-Respondent.


Chiffon Fitzpatrick, appellant pro se.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Andrew I. Bart of counsel), for respondent.



Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 23, 2017, denying the petition to annul the determination of the Department of Housing Preservation and Development of the City of New York (HPD), dated November 23, 2016, which denied petitioner's application for succession rights to a Mitchell-Lama apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
HPD's denial of petitioner's application for succession rights to a Mitchell-Lama apartment has a rational basis and is not arbitrary and capricious (see CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). It is undisputed that petitioner was not listed as a co-tenant on the income affidavits for the entire two-year period immediately preceding the death of the tenant of record (from February 1, 2014 to February 1, 2016) (see Matter of Borekas v New York City Dept. of Hous. Preserv. & Dev., 151 AD3d 539 [1st Dept 2017], lv denied 29 NY3d 1106 [2017]; see also 28 RCNY 3-02[p][3]). The evidence of petitioner's primary residence is not so overwhelming that the absence of an income affidavit listing her may be overlooked (see Borekas, 151 AD3d at 539-540; see also Matter of Murphy v New York State Div. of Hous. & Community Renewal, 21 NY3d 649, 655 [2013]). Petitioner's individual 2014 tax returns specify a Pennsylvania address only and show her as a resident of Pennsylvania only (see 28 RCNY 3-02[n][4][I], [iv]; Matter of Hochhauser v City of N.Y. Dept. of Hous. Preserv. & Dev., 48 AD3d 288 [1st Dept 2008]. Although other evidence supports petitioner's residence in New York, it was reasonable for HPD to resolve the inconsistencies in the record against petitioner (see Matter of Quan v New York City Dept. of Hous. Preserv. & Dev., 70 AD3d 528 [1st Dept 2010], lv denied 17 NY3d 703 [2011]).
Petitioner's belated attempt to assert succession rights on behalf of her daughter is unpreserved, as this argument was not raised before HPD (see Matter of Hairston v New York City Hous. Auth., 144 AD3d 416 [1st Dept 2016]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK