Matter of Wright v New York City Dept. of Hous. Preserv. & Dev. (2022 NY Slip Op 01281)





Matter of Wright v New York City Dept. of Hous. Preserv. & Dev.


2022 NY Slip Op 01281


Decided on March 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 01, 2022

Before: Gische, J.P., Shulman, Rodriguez, Pitt, JJ. 


Index No. 155883/20 Appeal No. 15399 Case No. 2021-02470 

[*1]In the Matter of Geoffrey Wright, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, et al., Respondents-Respondents.


Ilganayev Law Firm, PLLC, New York (Migir Ilganayev of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Eva L. Jerome of counsel), for New York City Department of Housing Preservation and Development, respondent.
Sontag & Hyman, P.C., Roslyn Heights (Bruce Sontag of counsel), for Esplanade Gardens, Inc., respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about February 3, 2021, which denied the petition to annul the determination of respondent New York City Department of Housing Preservation and Development (HPD), dated December 9, 2019, denying petitioner succession rights to his deceased mother's apartment and issuing a certificate of eviction, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
While HPD was processing his application for succession rights, petitioner received repeated requests for credible and reliable proofs of primary residency during the relevant time period. Petitioner was also afforded due process and a full and fair opportunity to meet his regulatory burden. Nonetheless, petitioner failed to demonstrate his right to succeed his mother in occupancy of the subject apartment (see Matter of Halcomb v New York City Dept. of Hous. Preserv. & Dev., 187 AD3d 673, 673 [1st Dept 2020]). As a senior citizen, petitioner was required to show that his mother's apartment was his primary residence for at least one year immediately preceding his mother's death (28 RCNY 3-02[n][4][iv], [p][3], [6]; see Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev., 39 AD3d 406 [1st Dept 2007]). Petitioner failed to submit a certified New York City resident income tax return for the relevant time, as required (28 RCNY 3-02[n][4][iv], [p][3]; see Matter of Bien-Aime v Been, 171 AD3d 495, 496 [1st Dept 2019], lv denied 34 NY3d 905 [2019]).
Petitioner also failed to submit the 2017 income affidavit listing him as a co-occupant of the apartment (see 28 RCNY 3-02[n][4][iv], [p][3]; Matter of Borekas v New York City Dept. of Hous. Preserv. & Dev., 151 AD3d 539, 539-540 [1st Dept 2017], lv denied 29 NY3d 1106 [2017]). Thus, HPD rationally concluded that the information he submitted does not show that he primarily resided in the apartment until his mother died (see Matter of Horne v Wambua, 143 AD3d 605, 606 [1st Dept 2016]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 1, 2022