Esplanade Gardens, Inc. v Wright (2025 NY Slip Op 52024(U))

[*1]

Esplanade Gardens, Inc. v Wright

2025 NY Slip Op 52024(U)

Decided on December 17, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 17, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.

570175/25

Esplanade Gardens, Inc., Petitioner-Respondent,
againstGeoffrey Wright, Respondent-Appellant.

Respondent appeals from an order of the Civil Court of the City of New York, New York County (Joan Rubel, J.), dated January 31, 2025, which denied his postjudgment motion to dismiss the petition in a holdover summary proceeding.

Per Curiam.
Order (Joan Rubel, J.), dated January 31, 2025, affirmed, with $10 costs.
In a prior unappealed order, Civil Court granted summary judgment of possession to petitioner, based upon the record showing that the New York City Department of Housing Preservation and Development [HPD] denied respondent succession rights to his deceased mother's apartment and issued a certificate of eviction; and respondent's CPLR article 78 challenge to HPD's determination was dismissed (see Matter of Wright v New York City Dept. of Hous. Preserv. & Dev., 203 AD3d 416 [2022]). Respondent subsequently moved to dismiss the petition on the ground that petitioner's postjudgment acceptance of use and occupancy payments waived its ability to enforce the judgment. Civil Court denied the motion and we now affirm.
Respondent failed to establish as a matter of law that petitioner "intended to relinquish a known right" (Sullivan v Brevard Assoc., 66 NY2d 489, 495 [1985]), when it accepted use and occupancy payments "without prejudice" during this proceeding in accordance with the terms of the parties two-attorney stipulation (see RPAPL § 711 [1]; Sharp v Stavisky, 242 AD2d 447, 448 [1997] ["acceptance of the use and occupancy, expressly called for in the stipulation, clearly negates any inference" of waiver], lv dismissed 91 NY2d 956 [1998]; Rasch's Landlord & Tenant, Including Summary Proceedings § 30:2 [5th ed, May 2025 update] ["a landlord can terminate a tenancy, commence a holdover summary proceeding, and during the pendency thereof, or after a judgment awarding him possession has been granted, accept rent covering a period extending beyond the termination date of the tenancy without prejudice to his rights and to the proceeding"]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: December 17, 2025