■ In the Matter of KERRY O'QUINN, Petitioner, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [726 NYS2d 644] —Determination of respondent City Department of Housing Preservation and Development, dated December 1, 1999, after a hearing, to issue a certificate of eviction against petitioner requested by respondent Mitchell-Lama housing company, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Harold Tompkins, J.], entered May 26, 2000), dismissed, without costs.

The determination that the subject apartment is not petitioner's primary residence is supported by substantial evidence, including, among other things, such "traditional indicia" of primary residence as Federal and nonresident State tax returns for the four tax years preceding institution of the proceeding, a driver's license and registration, and a voter registration, all listing a Texas address (*see, Lesser v Park 65*

*Realty Corp.*, 140 AD2d 169, 174, *lv dismissed* 72 NY2d 1042). Petitioner's testimony did not refute this evidence but rather showed only a sporadic presence in the apartment, or so a reasonable fact finder could find (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179-182). It does not avail petitioner to invoke RPAPL 753 (4) and its 10-day post-adjudication cure period, because RPAPL 753 (4) does not apply to administrative proceedings (*see, New York City Hous. Auth. v Williams*, 179 Misc 2d 822), and also because nonprimary residence is not subject to cure (*see, Matter of Stahl Assocs. Co. v State Div. of Hous. & Community Renewal*, 148 AD2d 258, 268). We have considered petitioner's other arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Friedman, JJ.