■ In the Matter of SHI YI TANG et al., Petitioners, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [816 NYS2d 423]—

Determination of respondent New York City Department of Housing Preservation and Development, dated June 24, 2004, which, after a hearing, granted the application of respondent landlord Chinatown Apartments, Inc. for a certificate of eviction for apartment 42C at 20 Confucius Plaza in New York County, based upon findings that petitioner tenant Shi Yi Tang does not reside primarily at the Mitchell-Lama apartment and that petitioner Bi Fang Liu is not entitled to succeed him as the unit's leaseholder, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Emily Jane Goodman, J.], entered February 9, 2005) dismissed, without costs.

There was substantial evidence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]) to support the hearing officer's findings. Although petitioners claimed that Shi Yi Tang resided primarily at the subject apartment, the evidence showed that, during the relevant time, Shi Yi Tang owned a house in New Jersey where his wife and children resided, that he received mail at the New Jersey house, which was listed as his address by the Social Security Administration, and that he had a New Jersey driver's license and phone number, the phone at the Manhattan apartment having been listed in the name of someone else. While documentation was not essential to establish that the apartment was Shi Yi Tang's primary residence (*see 300 E. 34th St. Co. v Habeeb*, 248 AD2d 50, 55 [1997]), the hearing examiner was not required to accept petitioners' essentially uncorroborated testimonial evidence.

Although petitioners contend that Bi Fang Liu's residence at the apartment antedated the Tangs' purchase of the New Jersey home, there was no documentation, other than a plane ticket, to support that claim and Ms. Liu was never listed as an occupant of the apartment on the relevant income verification affidavits (*see* 28 RCNY 3-02 [p] [3]).

Petitioners' remaining arguments are unavailing. Concur—Sullivan, J.P., Williams, Gonzalez, Catterson and McGuire, JJ.