In the Matter of PAULA GIDDINGS, Petitioner, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [30 NYS3d 43]—

Determination of respondent Department of Housing Preservation and Development, dated September 6, 2012, after a hearing, to issue a certificate of eviction against petitioner requested by respondent Stryker's Bay Apartments, Inc., upon a finding that the apartment at issue was not petitioner's primary residence, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Donna M. Mills, J.], entered Apr. 23, 2013), dismissed, without costs.

Substantial evidence supports the determination that the subject apartment was not petitioner's primary residence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). The record demonstrates that petitioner failed to submit sufficient and reliable evidence establishing that she occupied the apartment as her primary

residence after 2002 (*see Matter of O'Quinn v New York City Dept. of Hous. Preserv. & Dev.*, 284 AD2d 211 [1st Dept 2001]). Petitioner provided, inter alia, a Massachusetts address as her residence in connection with obtaining a driver's license and registering a vehicle in Massachusetts and, contrary to her assertions, appeared to spend less than an aggregate of 183 days in the subject apartment in the calendar year preceding commencement of the eviction proceedings in September 2012 (*see* 28 RCNY 3-02 [n] [4] [ii], [iv]; *see also Matter of Santiago v East Midtown Plaza Hous. Co., Inc.*, 59 AD3d 174 [1st Dept 2009]).

Since 2002, petitioner has been a professor, as well as a department head and journal editor, at Smith College, in Massachusetts, and she has spent considerable time on campus, teaching, holding office hours and attending committee meetings, during the academic year, as well as often remaining on campus during school breaks, grading exams and conducting research. In that regard, at the time she started at Smith College, petitioner obtained a house in Massachusetts, which was fully furnished, and where she kept her personal belongings and received time-sensitive mail (*see Matter of Shi Yi Tang v New York City Dept. of Hous. Preserv. & Dev.*, 29 AD3d 470, 471 [1st Dept 2006]).

Furthermore, by submitting tax returns for 2009 through 2011 that listed only her address in Massachusetts, petitioner failed to "provide[ ] proof that . . . she . . . filed a New York City Resident Income Tax return at the claimed primary residence for the most recent preceding taxable year for which such return should have been filed" (28 RCNY 3-02 [n] [4] [iv]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Manzanet-Daniels, Kapnick and Gesmer, JJ.