■ In the Matter of ELIZABETH CHARLES, Petitioner, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION et al., Respondents. [39 NYS3d 786]—

Determination of respondent New York City Department of Housing Preservation and Development (HPD), dated June 26, 2014, issuing a certificate of eviction upon a finding that petitioner had violated HPD's rules and the occupancy agreement for the Mitchell-Lama apartment at issue, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Paul Wooten, J.], entered May 11, 2015), dismissed, without costs.

Substantial evidence supports HPD's determination that the apartment was not petitioner's primary residence and had been sublet to third parties without authorization in violation of HPD's rules (*see* 28 RCNY 3-02 [n] [4]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). Petitioner failed to submit sufficient and reliable evidence to rebut the testimony demonstrating that she had violated the rules (*see Matter of O'Quinn v New York City Dept. of Hous. Preserv. & Dev.*, 284 AD2d 211 [1st Dept 2001]). There is no basis to disturb the Hearing Officer's credibility determinations (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]).

Under the circumstances, the issuance of a certificate of eviction does not shock the conscience (*see e.g. Matter of Alarape v New York City Dept. of Hous. Preserv. & Dev.*, 55 AD3d 316 [1st Dept 2008], *lv denied* 12 NY3d 801 [2009]; *Matter of Graceffo v City of New York*, 71 AD3d 603 [1st Dept 2010]; *see generally Matter of Scott v Peekskill Hous. Auth.*, 28 NY2d 610 [1971]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Feinman, Gische and Kapnick, JJ.