Matter of Trilling v New York City Dept. of Hous. Preserv. & Dev. (2019 NY Slip Op 01134)





Matter of Trilling v New York City Dept. of Hous. Preserv. & Dev.


2019 NY Slip Op 01134


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


8382 101593/16

[*1]In re Whitney Trilling, Petitioner,
v
New York City Department of Housing Preservation and Development, et al., Respondents.


Robert J. Anderson, New York, for petitioner.
Zachary W. Carter, Corporation Counsel, New York (Julie Steiner of counsel), for New York City Department of Housing Preservation and Development, respondent.



Determination of respondent Department of Housing Preservation and Development (HPD), dated July 28, 2016, which, after a hearing, issued a certificate of eviction upon a finding that the Mitchell-Lama apartment leased to petitioner was not her primary residence, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Debra A. James, J.], entered August 8, 2017), dismissed, without costs.
Substantial evidence supports HPD's determination that petitioner failed to maintain the subject apartment as her
primary residence (see generally 300 Gramatan Ave Assoc. v State Div. of Human Rights , 45 NY2d 176, 180-182 [1978]), as required by the rules applicable to tenancies in Mitchell-Lama apartments (see 28 RCNY § 3-02[n][4]). Petitioner conceded at the hearing that she did not spend an aggregate of 183 days in the apartment in the year preceding commencement of the eviction proceeding (see 28 RCNY § 3-02[n][4][iv]). Rather, over a period of at least six years, from 2009 until 2015, petitioner made annual trips of one month or less to the apartment for the purpose of recertification. During that same period, petitioner resided in California and Nebraska, and in 2014, obtained a Nebraska driver's license. Although it is undisputed that in the beginning of 2009 petitioner sustained an eye injury while living and working in California, for which she initially sought treatment in California, the record supports the hearing officer's determination that petitioner did not make serious efforts to occupy the apartment until her primary residency was questioned in 2015, thus undermining her claim of medical excuse for her absence.
Contrary to petitioner's contention, the hearing officer did not abuse her discretion by issuing a certificate of eviction, rather than imposing a probationary period, as nonprimary residency is not curable (see Matter of O'Quinn v New York City Dept. of Hous. Preserv. & Dev ., 284 AD2d 211, 212 [1st Dept 2001]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK