Matter of Rodriguez v Torres-Springer (2020 NY Slip Op 00982)





Matter of Rodriguez v Torres-Springer


2020 NY Slip Op 00982


Decided on February 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2020

Friedman, J.P., Renwick, Kern, Oing, JJ.


10983 161182/17

[*1] In re Cynthia Rodriguez, Petitioner-Appellant,
v
Maria Torres-Springer, Commissioner, New York City Department of Housing Preservation and Development, et al., Respondents-Respondents.


Caraballo & Mandell, LLC, New York (Dolly Caraballo of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Ashley R. Garman of counsel), for Maria Torres-Springer, respondent.
Gallet Dreyer & Berkey, LLP, New York (Michelle P. Quinn of counsel), for Lindsay Park Housing Corp., respondent.



Determination of New York City Department of Housing Preservation and Development, dated August 16, 2017, which, after a hearing, found that petitioner failed to meet her burden of proving that her deceased grandmother's apartment was her primary residence since the inception of her occupancy in 2005, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Shlomo Hagler, J.], entered August 8, 2018), dismissed, without costs.
Substantial evidence supports the hearing officer's determination that petitioner failed to prove her primary residency since the inception of her occupancy in the subject apartment in 2005 (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). According to 28 RCNY 3-02(n)(4), "[i]t is required that the apartment of the tenant/cooperator be at initial occupancy and continue to be his or her primary place of residence." As the presumptive shareholder and cooperator, petitioner bore the burden of proving that she maintained the apartment as her primary residency at initial occupancy and continuously thereafter, which she failed to do (see 28 RCNY 3-02(n)(4)(iv); Matter of Giddings v New York City Dept. of Hous. Preserv. & Dev., 138 AD3d 508, 509 [1st Dept 2016]).
While petitioner's name appeared on the income affidavits up to 2009, and then again in 2014, her name did not appear on the income affidavits for the years 2010 through and including 2013. Although there are instances "where the evidence of primary residence during the operative period is so overwhelming that the absence of an income affidavit may be overlooked" (Matter of Borekas v New York City Dept. of Hous. Preserv. & Dev., 151 AD3d 539, 540 [1st Dept 2017], lv denied 29 NY3d 1106 [2017]), this is not such a case. Petitioner failed to produce utility bills, a driver's license, or a vehicle registration for that period (see 28 RCNY 3-02[n][4][i]), nor did she begin filing her tax returns with the address of the apartment until after her grandmother's death, a fact which the hearing officer found "in itself mandates a finding that the apartment was not her primary residence" (see Matter of Ayvazayan v City of N.Y. Dept. of Hous. Preserv. & Dev., 129 AD3d 494 [1st Dept 2015]).
Petitioner's argument that the mandatory time frame for purposes of residency proceedings is only one year prior to the housing corporation's challenge to the tenant-cooperator's residency, which here, was the date of the May 11, 2016 stipulation, is inconsistent with the statutory language and relevant case law (see Matter of Trilling v New York City Dept. of Hous. Preserv. & Dev., 169 AD3d 492 [1st Dept 2019]; Giddings, 138 AD3d at 508-509).
Under these circumstances, "the issuance of a certificate of eviction does not shock the [*2]conscience" (Matter of Charles v New York City Dept. of Hous. Preserv., 144 AD3d 444 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2020
CLERK