Matter of Rodriguez v New York City Dept. of Hous. Preserv. & Dev. (2020 NY Slip Op 07728)





Matter of Rodriguez v New York City Dept. of Hous. Preserv. & Dev.


2020 NY Slip Op 07728


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Index No. 100624/19 Appeal No. 12724 Case No. 2019-03936 

[*1]In re Yvonne Rodriguez, Petitioner,
v
New York City Department of Housing Preservation and Development, et al., Respondents.


Mobilization for Justice, Inc., Bronx (Andrew Jones of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (Ellen Ravitch of counsel), for New York City Department of Housing Preservation and Development and Eric Enderlin, respondents.
Doyle & Broumand LLP, Bronx (Hedi Broumand of counsel), for Stevenson Commons Affordable LLC, respondent.



Determination of respondents, dated December 27, 2018, which, after a hearing, found that petitioner failed to meet her burden of proving that the subject premises was her primary residence and issued a certificate of eviction, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [John J. Kelley, J.], entered August 16, 2019), dismissed, without costs.
The determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v. State Div. of Human Rights, 45 NY2d 176, 180 [1978]). One factor relevant to whether petitioner continued to reside in the subject apartment as her primary residence is whether petitioner sublet or permitted unauthorized people to live in the apartment without the written approval of respondent Department of Housing Preservation and Development (HPD) and the housing company (28 RCNY 3-02(n)(4)(iii)). The subtenant's statement that she was living in petitioner's apartment, and petitioner's notarized letter stating that she was subletting the apartment to her subtenant provides substantial evidence that the subject Mitchell-Lama apartment was not petitioner's primary residence.
Petitioner failed to submit evidence and testimony to rebut a finding that she had violated the rules and she failed to present any documentary evidence to support her contention that she had continuously maintained the apartment as her primary residence (see Matter of Charles v New York City Dept. of Hous. Preserv., 144 AD3d 444, 444 [1st Dept 2016]) . Petitioner's argument she was not offered a full and meaningful opportunity to be heard because, as a pro se litigant, she was incapable of representing her interests at the hearing, is belied by the hearing testimony. The Hearing Officer asked petitioner if she had any objections and wanted to question respondent's witness, asked her to clarify unclear testimony, informed her of the documents she needed to submit to prove her primary residency, and provided additional time to submit the documents.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020